UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Lashawna White Mukiawah,** *et al.***,**

      **Plaintiffs**

  v.

**United States Citizenship and Immigration Services,** *et al.***,**

      **Defendants.**

:

:

:

**Case No. 2:21-cv-3540**
**Judge Sarah D. Morrison**
**Magistrate Chelsea M. Vascura**

## OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss filed by Defendants United States Citizenship and Immigration Services (USCIS), *et al*. (ECF No. 25.) Plaintiffs Lashawna White Mukiawah and Leonard Mukiawah responded to the Motion (ECF No. 27), and Defendants replied. (ECF No. 32.) Defendants' Motion is ripe for decision.

**I.    BACKGROUND**

This case arises out of USCIS's 2018 denial of a Form I-130 Petition for Alien Relative filed by Lashawna White Mukiawah on behalf of Leonard Mukiawah. (ECF No. 1, Compl., ¶ 34.) Mr. Mukiawah is a native citizen of Cameroon; he married Mrs. Mukiawah, a United States Citizen, in Columbus, Ohio in 2015. (*Id.*, ¶¶ 3, 15.) Mrs. Mukiawah then filed three I-130 Petitions with the USCIS to classify Mr. Mukiawah as the spouse of a U.S. citizen. (*Id.*, ¶¶ 16, 23, 25.) With the spousal classification, Plaintiffs sought legal permanent resident status for Mr. Mukiawah

under § 201(a) of the Immigration and Nationality Act (INA). (*Id.*; 8 U.S.C. § 1151(a)(1).)

Prior to this marriage of the Mukiawahs, Mr. Mukiawah was married to Kimberly Gray. (*Id.*, ¶ 20.) During that marriage, Ms. Gray filed a Form I-130 Petition on Mr. Mukiawah's behalf. (*Id.*) USCIS denied Ms. Gray's petition, determining that the marriage was fraudulent and for the purpose of evading the immigration laws. (*Id.* ¶ 21; ECF No. 1-2, PageID 17–20.)

This prior fraudulent marriage with Ms. Gray bars Mr. Mukiawah from receiving legal permanent resident status via a Form I-130 petition and was the basis of USCIS's denial of Mrs. Mukiawah's I-130 Petitions.[1] (ECF No. 1-2, PageID 17–20.) Mrs. Mukiawah's third petition was denied in October 2018. (Compl., ¶ 34.)

Mrs. Mukiawah appealed the denial of her third I-130 Petition to the Board of Immigration Appeals (BIA); the BIA affirmed USCIS' findings and dismissed the appeal in December 2020. (ECF No. 1-3, PageID 22–23.) The USCIS issued Mr. Mukiawah a Notice to Appear (a notice initiating removal proceedings) one month later. (Compl., ¶ 35.)

In March 2021, Mrs. Mukiawah filed a Motion to Reopen the BIA's decision based on evidence discovered after Ms. Gray's death in 2020. (*Id.*, ¶ 36; See, 8 C.F.R. §1003.2(c)(1) ("If new material facts come to light after a decision has been

---

[1] Section 204(c) of the INA, codified 8 U.S.C. § 1154(c), bars future approvals of any I-130 Petition on behalf of a beneficiary when the beneficiary has previously participated in a fraudulent marriage for the purpose of evading the immigration laws.

2

made by the immigration judge, a party may file a motion with the issuing authority to reopen the case.").) Mrs. Mukiawah asserts that newly discovered evidence supports a finding of a *bona fide* marriage between Mr. Mukiawah and Ms. Gray, which would relieve the § 204(c) bar against Mr. Mukiawah receiving permanent resident status as an alien relative pursuant to a Form-130. (*Id.*, ¶¶ 26–31.) That Motion to Reopen is currently pending before the BIA.

Plaintiffs then brought this suit alleging that the USCIS denial of Mrs. Mukiawah's I-130 Petition (presumably the third petition) and subsequent BIA dismissal of her appeal violated the Administrative Procedures Act (APA) because such actions were "arbitrary, capricious, an abuse of discretion, and not in accordance with law," and "not supported by substantial and probative evidence." (*Id.*, ¶¶ 41, 50, 51 (citing 5 U.S.C. § 706(2)(A), (E).) Plaintiffs also claim that their constitutional rights were violated by the I-130 denials. (*Id.*, ¶¶ 54–61.) Plaintiffs request that the Court (1) declare unlawful and set aside Defendants' denial of Mrs. Mukiawah's I-130 Petition and (2) issue a writ of mandamus ordering the USCIS to re-adjudicate and approve the Petition. (*Id.*, ¶ 62A.)

Defendants bring this motion to dismiss arguing that the Court lacks jurisdiction on grounds of judicial efficiency, in that the Plaintiffs should be required to exhaust their Motion to Reopen with the BIA. (Mot., PageID 100.) Defendants further assert Plaintiffs have failed to state a claim on which relief can be granted because the USCIS decision denying Mrs. Mukiawah's I-130 Petition was in accordance with the law and regulations, was not arbitrary and capricious, is

3

supported by evidence in the record, and was not an abuse of discretion. (*Id.*, PageID 99–100 n.1.)

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal when the court lacks subject matter jurisdiction. Without subject matter jurisdiction, a federal court lacks authority to hear a case. *Thornton v. S.W. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990). Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack under Rule 12(b)(1) "questions merely the sufficiency of the pleading[,]" and the trial court therefore takes the allegations of the complaint as true. *Wayside Church v. Van Buren Cty.*, 847 F.3d 812, 816 (6th Cir. 2017) (internal quotations omitted). To survive a facial attack, the complaint must contain a short and plain statement of the grounds for jurisdiction. *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016). A factual attack is a challenge to the factual existence of subject matter jurisdiction. No presumptive truthfulness applies to the factual allegations. *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015). This case involves the former.

When subject matter jurisdiction is challenged, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990); *Roulhac v. Sw. Reg'l Transit Auth.*, No. 07CV408, 2008 WL 920354, at *2 (S.D. Ohio Mar. 31, 2008).

4

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint that falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Directv, Inc. v. Treesh*, 487 F.3d, 471, 476 (6th Cir. 2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555).

### III. ANALYSIS

#### A. Plaintiffs are not required to exhaust their administrative remedies here.

Defendants ask the Court to dismiss Plaintiffs' claims for lack of subject matter jurisdiction because Plaintiffs have not exhausted the available administrative remedies prior to bringing their claims to court. Specifically, Defendants ask the Court to decline to exercise jurisdiction under the doctrine of prudential exhaustion. (Mot., PageID 101–04.)

Exhaustion of administrative remedies generally requires a party seek all possible relief within an agency's remedial scheme before seeking judicial relief in federal court. *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50–51 (1938); *McCarthy v. Madigan*, 503 U.S. 140, 144-45 (1992). The law governing exhaustion in the context of APA claims differs from exhaustion elsewhere. *Bangura v. Hansen*, 434 F.3d 487, 498 (6th Cir. 2006). In claims brought under the APA, a plaintiff is required to exhaust only the administrative remedies that are mandated by statute or regulation. *Darby v. Cisneros*, 509 U.S. 137, 153–54 (1993). The INA and its implementing regulations do not require a plaintiff challenging the denial of an I-130 Petition to exhaust his administrative remedies prior to bringing claims in federal district court. *Bangura*, 434 F.3d at 494, 498; *see* 8 § C.F.R. 103.3(a)(1)(ii) (providing that a petitioner "may" appeal to the BIA).

Prudential exhaustion is a judge-made doctrine that enables courts to require administrative exhaustion even where the statute or regulations do not. *Island Creek Coal Co. v. Bryan*, 937 F.3d 738, 747 (6th Cir. 2019); *see also McCarthy v.*

6

*Madigan*, 503 U.S. 140, 144 (1992). Because of the lack of textual underpinning, the Sixth Circuit recognized recently that the "atextual nature of [the] doctrine leaves it on somewhat shaky footing," *Joseph Forrester Trucking*, 987 F.3d 581, 588, and that its use rests primarily on policy grounds "unmoored" from statutes' text and structure. *Bryan*, 937 F.3d at 749. The Appeals Court's skepticism is consistent with the longstanding principal that courts have "no more a right to decline the exercise of jurisdiction which is given, than to usurp that which is not given." *Id.* at 749 (citing *Cohens v. Virginia*, 19 U.S. 264, 404, 6 Wheat. 264, 5 L.Ed. 257 (1821)).

However, it is not the prudential exhaustion doctrine's foundations that preclude its application here. The APA itself "does not allow courts to require administrative exhaustion in the absence of a statute or regulation requiring it," *Star Way Lines v. Walsh*, 2022 WL 971884, at *6 (N.D. Ill. Mar. 31, 2022), and has, "by its very terms. . . . limited the availability of the doctrine of exhaustion. . . . to that which [a] statute or rule clearly mandates." *Id.* (citing *Darby*, 509 U.S. 137, 146 (1993)). Here, neither the INA nor its implementing regulations require Plaintiffs to file a motion to reopen nor to wait for its adjudication once filed. Thus, the APA precludes the Court's use of prudential exhaustion to decline subject matter jurisdiction.

Accordingly, Defendants' motion to dismiss for lack of subject matter jurisdiction is **DENIED**.

### B. Plaintiffs fail to state a claim under the APA because the relevant agency action is non-final.

Defendants also move to dismiss the Complaint on the grounds that Plaintiffs failed to allege sufficient supporting facts and that the record shows the I-130 denial was supported by substantial evidence. (Mot., PageID 99–100 n.1.) However, the Court need not reach the merits of these arguments because the action of the BIA is non-final.

While Defendants cannot prevail on their challenge to this Court's jurisdiction based on Mrs. Mukiawah's Motion to Reopen, the Motion to Reopen is nonetheless fatal to Plaintiffs' APA claims because its filing rendered an otherwise final decision non-final.

To state a claim for relief under the APA, a plaintiff must allege that his injury stems from a final agency action for which there is no other adequate remedy in court. 5 U.S.C. § 704; *Bangura*, 434 F.3d at 500. An action is final where it: (1) marks the "consummation of the agency's decision-making process; and (2) determines rights and obligations or occasions legal consequences." *Id.* at 500–01 (citing *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997)). The APA defines final agency action to include:

> agency action otherwise final ... whether or not there has been presented or determined an application for ... any form of reconsideration, or, unless the agency otherwise requires by rule and provides that the action meanwhile is inoperative, for an appeal to superior agency authority.

5 U.S.C. § 704.

8

In the context of a motion to reconsider filed with an administrative agency, courts interpret § 704 to "relieve parties from the requirement of petitioning for a rehearing before seeking judicial review . . . but not to prevent petitions for reconsideration that are actually filed from rendering the orders under reconsideration non final." *Bangura*, 434 F.3d at 501 (citing *Interstate Com. Com'n v. Brotherhood of Locomotive Eng'rs*, 482 U.S. 270, 284–85 (1987); *see also Berry v. U.S. Dep't of Labor*, 832 F.3d 627, 636 (6th Cir. 2016) (noting that "[n]othing in *BLE*'s rationale indicates that its holding was limited to ICC proceedings . . . other circuits have [applied *BLE*'s holding] in a variety of administrative contexts."). Accordingly, "a motion for reconsideration renders an agency action nonfinal under. . . . the APA." *Acura of Bellevue v. Reich*, 90 F.3d 1403, 1407 (9th Cir. 1996). This rationale also applies to motions to reopen because, similarly, the "initial agency decision may be modified or reversed in both types of administrative review." *See id.* at 1407–08.

Thus, when a party seeks optional review of an otherwise final agency action, as Mrs. Mukiawah did here with her Motion to Reopen, it renders the agency's decision non-final. As such, federal review of Plaintiffs' APA claims is precluded. *See id*; *Bellsouth Corp. v. F.C.C.*, 17 F.3d 1487, 1489 (D.C. Cir. 1994) ("[A] party that stays before an agency to seek reconsideration of an order cannot at the same time appear before a court to seek review of that same order, any more than the party could literally be in two places at the same time. Or from another perspective, an agency action cannot be considered non-final for one purpose and final for

another."); *see also Hanif v. Dep't of Homeland Sec.*, 472 F. Supp. 2d 914, 921 (E.D. Mich. 2007) ("[W]here an optional appeal has been taken, the pending appeal renders the decision non-final." (quotation marks omitted)).

Both parties rely on *Stone v. I.N.S.* (514 U.S. 386 (1995)) in their arguments regarding finality. The *Stone* court reviewed the effect of a motion for reconsideration on the finality of a final order of removal. The Court found that such motions did not affect the finality of an order for removal, relying exclusively on 8 U.S.C. § 1252(b)(6) (previously 8 U.S.C. 1105a(a)(6)); Section 1252 requires a motion to reconsider a final order of removal be consolidated with the underlying order for purposes of review. § 1252(b)(6) ("When a petitioner seeks review of an order under this section, any review sought of a motion to reopen or reconsider the order shall be consolidated with the review of the [removal] order"). This consolidation, therefore, reflects a statutory intent that the finality of the order of removal is not affected by a subsequent motion to reconsider. 514 U.S. 386, 405–06 (1995) ("The consolidation provision . . . reflects Congress' understanding that a deportation order is final, and reviewable, when issued. Its finality is not affected by the subsequent filing of a motion to reconsider."); *see also Gor v. Holder*, 607 F.3d 180, 185 (6th Cir. 2010). 8 U.S.C. §1252 deals exclusively with judicial review of final orders of removal and is inapplicable to a denial of an I-130 Petition. The statute governing I-130 petitions does not contain a consolidation provision – this omission in the I-130 context indicates that Congress did not intend for reviewing

10

courts to apply the same finality analysis in both situations. Thus, the *Stone* holding does not save the finality of Mrs. Mukiawah's I-130 petition denial.

Plaintiffs express concern that their efforts to reopen the BIA's denial of Mrs. Mukiawah's I-130 Petition are futile, and that the BIA is likely to deny the motion. But Plaintiffs voluntarily chose to file a motion to reopen with the BIA as their avenue for relief, and futility "does not excuse the need for final agency action" preceding a federal district court's review. *Naik v. Renaud*, 947 F. Supp. 2d 464, 471–72 (D. N.J. 2013), *aff'd sub nom. Naik v. Dir. U.S. Citizenship & Immigr. Servs. Vermont*, 575 F. App'x 88 (3d Cir. 2014). If the administrative process returns an unfavorable result notwithstanding the new evidence presented in Plaintiff's Motion to Reopen, Plaintiffs are free to contest that final decision in federal court. *Berry v. United States Dep't of Labor*, 832 F.3d 627, 636 (6th Cir. 2016) ("If the petition that was denied sought reopening on the basis of new evidence or changed circumstances, review is available and abuse of discretion is the standard.") (citation omitted)). For now, however, Plaintiffs have failed to state claims on which the Court can grant relief under the APA.

The Sixth Circuit has historically dismissed cases for failure to state a claim when there is no finality. *Jama v. DHS*, 760 F.3d 490, 494 n.4 (6th Cir. 2014); *Bangura* 434 F.3d at 500 ("To state a claim for relief under the APA, a plaintiff must allege that his or her injury stems from a final agency action for which there is no other adequate remedy in court." (citations omitted)).

Accordingly, Plaintiffs fail to state a claim under the APA and the Court **GRANTS** Defendants' Motion to Dismiss.

## IV. CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss (ECF No. 25) is **GRANTED**. The Clerk is **DIRECTED** to **TERMINATE** this case from the docket of the United States District Court for the Southern District of Ohio.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**